2009 ME 32

**STATE of Maine**

v.

**Kathy L. KNIGHT.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 26, 2009.
Decided: March 24, 2009.

Wayne R. Foote, Esq., Law Offices of Wayne R. Foote, PA, Bangor, ME, for Kathy L. Knight.

R. Christopher Almy, District Attorney, Susan J. Pope, Asst. Dist., Atty. Bangor, Me, for the State of Maine.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Kathy L. Knight appeals from a judgment of conviction of operating after suspension (Class E), 29–A M.R.S. § 2412–A(1–A)(A)(5) (2008), entered in the District Court (Bangor, *Sparaco, J.*) upon a finding of guilty by the court. Knight contends that the court erred in admitting a certified document from the Secretary of State, stating that the Violations Bureau had mailed her notice of the suspension, and, therefore, that the State's evidence was insufficient to support her conviction. We disagree that the court erred in admitting the certified document, and we affirm the conviction.

## I. BACKGROUND

[¶ 2] On August 3, 2007, Knight was involved in a two-car accident in Brewer that resulted in damage to both cars. On August 15, 2007, in connection with the accident, Knight was charged with failure to produce evidence of insurance. On September 5, 2007, after Knight failed to either contest the charge or pay the "waiver" fine for that charge, the Violations Bureau entered a default judgment and imposed a fine. On October 17, 2007, because Knight failed to pay the imposed fine, the Violations Bureau issued a suspension of her right to operate a motor vehicle in Maine.

[¶ 3] Five months later, on March 23, 2008, a police officer stopped Knight in Hampden for speeding. The officer discovered during the stop that Knight's right to operate was under suspension, and

charged her with operating a motor vehicle while her right to operate in Maine was suspended.

[¶ 4] During Knight's bench trial on June 17, 2008, the court, over Knight's objections, admitted into evidence a certified document from the Office of the Secretary of State, stating that its history records indicated that notice of suspension was sent by regular mail to Knight by the Violations Bureau. Knight offered nothing at trial to rebut the State's evidence that notice was mailed; she merely argued that the certified document stated an improper conclusion of law and violated the Confrontation Clause of the Sixth Amendment to the United States Constitution.

[¶ 5] Additionally, at the State's request, the court admitted into evidence a blank copy of a violations summons and complaint (VSAC) to show that on the back of the ticket, violators are warned that if they do not respond by either contesting the violation or paying the required fine, their right to operate a motor vehicle in Maine will be suspended.

[¶ 6] The court found Knight guilty of operating after suspension. After Knight asked the court for specific findings, the court stated that in reaching its verdict, it relied partly on the Secretary of State document, but ultimately its decision was based on the conclusion that Knight received notice by signing the VSAC for failure to provide proof of insurance. Knight filed this timely appeal.

## II. DISCUSSION

[¶ 7] The statute giving the Violations Bureau authority to suspend a person's right to operate for failing to answer, appear for trial, or pay the imposed fine for a traffic violation states in relevant part:

If a person fails to answer in any traffic infraction proceeding ... or any traffic

infraction provision of this Title by the date specified in the Violation Summons and Complaint, fails to appear for trial or pay a fine assessed in any traffic infraction proceeding, the clerk shall suspend the person's license or permit, right to operate a motor vehicle in this State and the right to apply for or obtain a license or permit.

. . . .

The clerk shall immediately notify that person of the suspension by regular mail or personal service. The suspension has the same force and effect as a suspension by the Secretary of State. The suspension remains in effect until the person answers or appears, either in person or by counsel, or pays the fine . . . .

Written notice is sufficient if sent by regular mail to the last known name and address provided by the person on the Violation Summons and Complaint, written answer to a Violation Summons and Complaint, a written pleading filed with the violations bureau or, if the person has not so provided an address, to the address shown on the Violation Summons and Complaint, a copy of which has been served on the person.

29–A M.R.S. § 2608 (2008).

[¶ 8] We review issues of statutory interpretation de novo with the primary purpose of giving effect to the intent of the Legislature. *State v. Webster*, 2008 ME 119, ¶ 14, 955 A.2d 240, 243. We find nothing in the plain language of section 2608 to support the court's conclusion that the statute's notice element was met simply because Knight signed the VSAC, which warned of the suspension. *See State v. Thongsavanh*, 2007 ME 20, ¶ 27, 915 A.2d 421, 427 (stating that legislative intent is ordinarily gleaned from the language of the statute). Therefore, the court erred as a matter of law in ultimate-

ly relying on Knight's signing of the VSAC as proof that she was properly notified.

[¶ 9] However, the next step of our analysis requires us to consider whether the court's error was harmless. *See* M.R.Crim. P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). Because, in this case, the State also submitted a certified document from the Secretary of State, stating that the Violations Bureau mailed a notice of suspension to Knight, the error was harmless.

[¶ 10] Contrary to Knight's contentions, we have held that the admission of this type of certified document from the Secretary of State does not violate the Confrontation Clause. *State v. Tayman*, 2008 ME 177, ¶ 24, 960 A.2d 1151, 1158. Furthermore, in *Tayman* we concluded that this type of document serves as prima facie evidence that the notice of suspension was mailed as required by the statute. *Id.* ¶¶ 8–9, 960 A.2d at 1154. Because Knight offered nothing to rebut the State's evidence that notice was mailed, we affirm the conviction on alternative grounds than those provided by the trial court.

The entry is:

Judgment affirmed.