2012 ME 33

**STATE of Maine**

v.

**John R. MAYNARD.**

Supreme Judicial Court of Maine.

Argued: Nov. 8, 2011.
Decided: March 13, 2012.

Aaron Fethke, Esq. (orally), Law Office of Aaron Fethke, Searsport, for appellant John Maynard.

R. Christopher Almy, District Attorney, and Susan J. Pope, Asst. Dist. Atty. (orally), Bangor, for appellee State of Maine.

William J. Schneider, Attorney General, and Donald W. Macomber, Asst. Atty. Gen., Augusta, for amicus curiae Department of the Attorney General.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1]   John R. Maynard appeals from a judgment, following a bench trial in the District Court (Newport, *Sparaco, J.*), convicting him of operating while his license was suspended, with a prior conviction (OAS) (Class E), 29–A M.R.S. § 2412–A(1–A)(A)(5), (D) (2011).   Maynard argues that (1) the Secretary of State's certification of

the notice of his suspension failed to prove the notice element of the OAS charge, and (2) the admission of the Secretary of State's certification violated Maynard's rights under the Confrontation Clause. U.S. Const. amend. VI. We agree that the Secretary of State's certification on its face was inadequate to prove that the court provided him notice of his license suspension and we vacate the judgment on that basis.

## I.  BACKGROUND

[¶ 2]   Maynard was adjudicated on May 20, 2010, for violating the seat belt law, 29–A M.R.S. § 2081 (2011), and for failing to display a valid inspection sticker, 29–A M.R.S. § 1768(7) (2011).   On September 2, 2010, Maynard was stopped in his own driveway after an officer with the Penobscot County Sheriff's Department observed him driving a vehicle that lacked an inspection sticker.   The September traffic stop led to the OAS conviction at issue in this appeal.[1]

[¶ 3]   At the bench trial on the OAS charge, to prove that Maynard's right to operate motor vehicles was suspended on September 2, 2010, and that notice of the suspension had been sent to Maynard, the State offered a certification under seal by the Secretary of State, dated September 7, 2010, that contained, in the body of the certificate, the following language in its entirety:

I, the Secretary of State of Maine, have reviewed the electronic records of the Maine Judicial Branch Violations Bureau, Maine and certify that the office of the Secretary of State is the legal repository of the Great Seal of the State of Maine and also custodian of the records relating to the revocation, restoration and suspension of operator licenses and

---

1.   The complaint also alleged a 2002 OAS con-   viction that Maynard does not contest.

motor vehicle registrations, and also custodian of the records relating to the issuance of motor vehicle operator licenses and motor vehicle registrations.

I further certify that according to our records the license or right to operate of John R. Maynard, whose date of birth is July 25, 1964, was suspended in the state of Maine, effective July 2, 2010 as a result of action taken by the Maine Judicial Branch Violations Bureau, Maine for FAILURE TO PAY FINE SUSPENSION.

John R. Maynard's right to operate was suspended on July 25, 2010 because the statutory conditions for restoration had not been satisfied.

Notification of suspension was provided by the court in accordance with provisions of [29–A M.R.S. § 2608 (2011)].

I further certify that the attached document is a true copy of the driver record of John R. Maynard, whose date of birth is July 25, 1964, as maintained by the Secretary of State.

The Secretary of State's certification did not state (1) that Maynard was the recipient of the notification, (2) that notification was sent to a particular address, (3) the method of service, or (4) when it was served. The copy of Maynard's driver record that was attached to the Secretary of State's certification contained the following entries relevant to this case:

| ENTRY DATE | ACTION DATE | DESCRIPTION |
| --- | --- | --- |
| 052110 | 052010 | CONVICTION—VIOLATION SEAT BELT LAW VIOLATION–DATE: 04/14/10 (002567413/D–VB) |
| 052110 | 052010 | CONVICTION—FAILURE TO DISPLAY VALID INSPECTION STICKER VIOLATION–DATE: 4/14/10 (002567413/D–VB) |
| 070210 | 070210 | DRV SUSPENSION TO INDEFINITE—FAIL PAY FINE (COURT) CHARGE: FAILURE TO DISPLAY VALID INSPECTION STICKE[R] FEE DUE COURT–DATE: 5/20/10 (2567413/D–VB) |
| 070210 | 070210 | DRV SUSPENSION TO INDEFINITE—FAIL PAY FINE (COURT) CHARGE: VIOLATION SEAT BELT LAW FEE DUE COURT–DATE: 5/20/10 (2567413/D–VB) |

The driver record noted the suspension but did not contain any information concerning notification to Maynard of the suspension.

[¶ 4] Maynard argued that the Secretary of State's certificate failed to prove that he was on notice that his license was suspended and that its admission violated the Confrontation Clause. U.S. Const. amend. VI. The court denied his motion to acquit, convicted him, and sentenced him to a jail term of seven days and a fine of $700, with execution stayed pending this appeal. Maynard filed a timely appeal.

## II. DISCUSSION

[¶ 5] The standard of review is de novo because this appeal concerns whether the certification that the State offered as proof that the court had sent Maynard notice of the suspension met the notice requirements set forth in 29–A M.R.S. § 2608. *See State v. Knight*, 2009 ME 32, ¶¶ 1, 8, 967 A.2d 723. The notice requirement applicable here is contained in the OAS statute, 29–A M.R.S. § 2412–A(1–A)(A)(5), because Maynard's underlying suspension appears to have resulted from his failure to pay fines and fees associated with the previous traffic infractions. *See*

*State v. Tayman,* 2008 ME 177, ¶¶ 5–6, 960 A.2d 1151. The statute states in relevant part: "A person commits operating while license suspended or revoked if that person ... [o]perates a motor vehicle ... when that person's license has been suspended ... and that person ... [h]as failed to answer or to appear in court pursuant to a notice or order specified in section 2605 or 2608." 29–A M.R.S. § 2412–A(1–A)(A)(5).

■ [¶ 6] When the person's failure to properly deal with a traffic infraction is the asserted reason for the underlying suspension, the notice that is required pursuant to section 2412–A(1–A)(A)(5) is controlled by 29–A M.R.S. § 2608. *Tayman,* 2008 ME 177, ¶ 6, 960 A.2d 1151. Section 2608 states in relevant part:

> If a person fails to answer in any traffic infraction proceeding ... or any traffic infraction provision of this Title by the date specified in the Violation Summons and Complaint, fails to appear for trial or pay a fine assessed in any traffic infraction proceeding, the clerk shall suspend the person's license or permit, right to operate a motor vehicle in this State and the right to apply for or obtain a license or permit.
>
> . . . .
>
> The clerk shall immediately notify that person of the suspension by regular mail or personal service. The suspension has the same force and effect as a suspension by the Secretary of State. The suspension remains in effect until the person answers or appears, either in person or by counsel, or pays the fine.
>
> . . . .
>
> Written notice is sufficient if sent by regular mail to the last known name and address provided by the person on the Violation Summons and Complaint, written answer to a Violation Summons and Complaint, a written pleading filed with the violations bureau or, if the person has not so provided an address, to the address shown on the Violation Summons and Complaint, a copy of which has been served on the person.

Therefore, when the State has charged an individual with driving while his license is under suspension as a result of the individual's failure to answer in a traffic infraction proceeding, or as a result of the individual's failure to appear for a traffic infraction trial or his failure to pay a traffic infraction fine, the State must prove that the individual was operating a motor vehicle while his license was under suspension, and that the court sent notice to the individual of the suspension of his driving privileges. *Knight,* 2009 ME 32, ¶¶ 1, 9, 967 A.2d 723; *Tayman,* 2008 ME 177, ¶¶ 3, 7–9, 960 A.2d 1151. The State need not prove that the defendant actually received the notice. *Tayman,* 2008 ME 177, ¶ 7, 960 A.2d 1151.

■ [¶ 7] The issue Maynard presents is whether a certification that states only the legal conclusion that "[n]otification of suspension was provided by the court in accordance with provisions of [29–A M.R.S. § 2608]," has provided evidence of any fact pertaining to notice. We conclude that it has not. When, as here, a Secretary of State's certification does not set forth any underlying facts pertaining to the notice of suspension, it does not suffice as proof of notice. *See Tayman,* 2008 ME 177, ¶¶ 8–9, 960 A.2d 1151. Proof must at a minimum include one or more of the following: docket entries noting the date and sending of the notice, a copy of the notice that was sent, or a clerk's notation of the sending of the notice.

■■ [¶ 8] Maynard also argues that the admission in evidence of the Secretary of State's certification violated the Con-

frontation Clause. U.S. Const. amend. VI. We disagree. A certification from the Secretary of State that the required notification of suspension was sent to a defendant does not violate the Confrontation Clause because the notification of suspension is non-testimonial. *State v. Gilman,* 2010 ME 35, ¶¶ 29–31, 993 A.2d 14; *State v. Murphy,* 2010 ME 28, ¶¶ 7–8, 26, 991 A.2d 35; *Knight,* 2009 ME 32, ¶ 10, 967 A.2d 723.

The entry is:

Judgment vacated and remanded to the District Court for the entry of a judgment of acquittal.