STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CR-11-347   5/1/2012
MMY KEN - 5/1/2012

STATE OF MAINE

v.

**SECOND ORDER ON DEFENDANT'S
MOTION IN LIMINE**

PAUL P. LEWIS

On May 3, 2012 the parties appeared before the Court pursuant to an order issued February 1, 2012. That order provided the State with an opportunity to provide testimony or evidence that the notice provisions contained in the Secretary of State's Certificate and Notice of Suspension were created for a purpose other than criminal prosecution. The State did have a witness from the Department of Motor Vehicles present in the courtroom, but for reasons not clear to the Court, declined to call her.

The State at this hearing reiterated and/or clarified its claim that the effective date of suspension is not an element of the offense of operating after suspension. The Court disagrees with this contention. Mr. Lewis is charged by complaint with violation of 29-A MRSA 2412-A(1-A)(D). The elements of that offense very clearly require the State to prove beyond a reasonable doubt that the person was operating a motor vehicle; that he was under suspension; and the person had received notice in accordance with Maine law. In this case, the State contends that the only elements it must establish are that he was operating a motor vehicle and that he had notice of his suspension pursuant to Section 2482. The State seems to believe that whether or not he was under suspension is a

1

collateral matter that can only be challenged at a Secretary of State administrative hearing and not at a criminal trial. [1]

Section 2482 is entitled "Notice of suspension or revocation of license." The Section contains four subparagraphs. The State insists, however, that the only paragraph at issue in this case is subparagraph 1, and the State contends that it has been satisfied. That position flies in the face of the plain wording of the Section as a whole. Subsection 2 says what must be contained within the notice, and paragraph B states that the "effective date of the suspension" must be included in the notice. The State seems to argue that so long as the effective date is referred to in the notice, that is all that is required. However, that argument fails to take into account the definition of "effective date" provided in subparagraph 4. By operation of law, the effective date is the date provided in the notice, but that date cannot "be less than 10 days after the mailing of the notification of suspension by the Secretary of State."

In *State v. Maynard,* 2012 ME 33, 34 the Law Court stated as follows: "At the bench trial on the OAS charge, to prove that Maynard's right to operate motor vehicles was suspended on September 2, 2010, *and* that notice of the suspension had been sent to Maynard...." (emphasis added). The Court believes that this is a recognition by the Court (in addition to the plain wording of the statute) that the State must prove beyond a reasonable doubt that the Defendant's operation occurred after the effective date of the suspension. In *Maynard,* the effective date was not a live issue because the operation occurred 23 days after the mailing.

---

[1] In support of this position the State relies upon three cases, none of which supports the State's claim that it need not prove the effective date of the suspension. None of the cases cited (*State v. Holmes,* 2004 ME 155; *State v. Piacitelli v. Quinn,* 449 A.2d 1126 (Me. 1982); or *State v. Higgins,* 300 A.2d 159 (Me. 1975) address the issue of *when* a suspension goes into effect. They address what procedure should take place when it is someone challenges *whether* a suspension is justified under Maine law.

During oral argument on May 3, 2012, the State did concede that it cannot convict someone who operates a motor vehicle after he or she has received notice of the suspension, but whose operation occurs before the effective date. Nevertheless, the State insists that because the notice was mailed sometime between August 19, 2008 and sometime on September 2, 2008, its only obligation at trial is to obtain admission of the Certificate and notice. The State suggests that these documents would not only constitute prima facie evidence towards satisfying its burden, but proof beyond a reasonable doubt that the Defendant was suspended at the time he operated his motor vehicle on September 12, 2008.

The Court finds that the effective date of Mr. Lewis' suspension must be proven beyond a reasonable doubt. The effective date of his suspension cannot be "less than 10 days after the mailing of the notification of suspension" by the Secretary of State. In this case, there is a range of possible mailing dates based on a prediction, made August 19, 2008, that the notice would be mailed by September 2, 2008. The proof problems engendered by this prediction are obvious to the Court. These problems are made more complicated by the statute's failure to give clear indication as to whether "not..less than 10 days after the mailing of the notification of suspension" means that a fact-finder is to start counting the 10 days from the moment the notice is mailed (sometime on the last day of the range, September 2, 2008); or to count the next calendar day after the last date in the range (September 3, 2008) as the first day of the ten days.

Given the obvious proof problems, the Court finds that the State would be unable to carry its burden to prove the effective date of suspension beyond a reasonable doubt without producing more evidence than the Certificate and notice of suspension. Because

3

the Court would avoid reaching a constitutional issue before trial when it is apparent that the State cannot prove its case without calling witnesses to testify when the notice was mailed within the range predicted, or at least when it was likely mailed given the practices in place at the time of mailing, the Defendant will be given the right of confrontation as he conceives it.[2] As the Law Court held in *Maynard,* what is in a particular certificate (or notice, as here) --even if admitted -- may or may not be sufficient to establish an element of the offense of operating after suspension beyond a reasonable.

The entry will be:

The Court declines to rule on the confrontation issue prior to trial. In order to meet its burden of proof to establish that the Defendant's suspension was in effect at the time of operation, the State given the unique facts presented in this case will have to rely upon more evidence than the Secretary of State certificate and notice of suspension (State's Exh. 1) as proffered.

5/7/12

**DATE**

**SUPERIOR COURT JUSTICE**

---

[2] The Court obviously does not know what that evidence might be. However, because the State might be able to prove through witnesses from the Dept. of Motor Vehicles that the notice was mailed soon after the date of the notice (August 19, 2008) there may be no need for the Court to interpret the "10 day" language in the statute. And, as noted above, the confrontation issue might be eliminated if the witnesses are called.

4

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2011-00347

**DOCKET RECORD**

DOB: 04/18/1987
Attorney: ROBERT ANDREWS                    State's Attorney: TRACY DEVOLL
          ROBERT ANDREWS ESQ
          PO BOX 17621
          PORTLAND ME 04112
          APPOINTED 02/11/2011

Filing Document: CRIMINAL COMPLAINT          Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 09/26/2008

## Charge(s)

**1    OPERATE WHILE LICENSE SUSPENDED OR          09/12/2008 WATERVILLE
     REVOKED, PRIOR
Seq 9891  29-A  2412-A(1-A)(D)          Class E
  WOODS                    / WAT**

## Docket Events:

05/12/2011 Charge(s): 1
          TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 05/12/2011 at 06:00 p.m.

          TRANSFERRED CASE: SENDING COURT CASEID WATDCCR200801908
          FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 09/26/2008

          Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 11/18/2008 at 01:00 p.m.

          NOTICE TO PARTIES/COUNSEL
          Charge(s): 1
          HEARING -  ARRAIGNMENT CONTINUED ON 11/18/2008
          CHARLES C LAVERDIERE , JUDGE
          NO RIDE FROM PORTLAND
          Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULED FOR 12/16/2008 at 01:00 p.m.

          Charge(s): 1
          HEARING -  ARRAIGNMENT NOTICE SENT ON 11/25/2008

05/12/2011 Charge(s): 1
          HEARING -  ARRAIGNMENT FTA ON 12/16/2008
          CHARLES C LAVERDIERE , JUDGE
          BAIL BOND - $500.00 CASH BAIL BOND SET BY COURT ON 12/16/2008
          CHARLES C LAVERDIERE , JUDGE
          WARRANT -  FOR FAILURE TO APPEAR ISSUED ON 12/17/2008

          CERTIFIED COPY TO WARRANT REPOSITORY
          WARRANT -  FOR FAILURE TO APPEAR RECALLED ON 01/06/2011

CERTIFIED COPY TO WARRANT REPOSITORY
WARRANT - FOR FAILURE TO APPEAR RETURNED ON 01/14/2011

LETTER - FROM PARTY FILED ON 11/04/2010

DEF MUST APPEAR
Charge(s): 1
HEARING - ARRAIGNMENT SCHEDULED FOR 02/08/2011 at 01:00 p.m.

NOTICE TO PARTIES/COUNSEL
Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 02/08/2011

DEFENDANT INFORMED OF CHARGES.  21 DAYS TO FILE MOTIONS
BAIL BOND - $500.00 CASH BAIL BOND FILED ON 01/06/2011

BAIL BOND - CASH BAIL BOND DISBURSEMENT ON 05/11/2011

BAIL BOND - CASH BAIL BOND CONTINUED AS POSTED ON 04/26/2011

Charge(s): 1
MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 02/08/2011

Charge(s): 1
MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 02/11/2011

COPY TO PARTIES/COUNSEL
Party(s): PAUL P LEWIS
ATTORNEY - APPOINTED ORDERED ON 02/11/2011

Attorney: ROBERT ANDREWS
Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 02/08/2011

TRIAL - BENCH SCHEDULED FOR 04/26/2011 at 09:30 a.m.

NOTICE TO PARTIES/COUNSEL
TRIAL - BENCH CONTINUED ON 04/22/2011

TRIAL - BENCH NOTICE SENT ON 02/14/2011

MOTION - MOTION TO REVOKE BAIL FILED BY STATE ON 04/20/2011

WARRANT - VIOLATION OF BAIL REQUESTED ON 04/15/2011

WARRANT - VIOLATION OF BAIL ORDERED ON 04/19/2011

WARRANT - VIOLATION OF BAIL ISSUED ON 04/21/2011

WARRANT - VIOLATION OF BAIL RECALLED ON 04/26/2011

WARRANT - VIOLATION OF BAIL RETURNED ON 05/02/2011

Charge(s): 1
MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/20/2011

Charge(s): 1
MOTION - MOTION TO CONTINUE FILED BY STATE ON 04/20/2011

Charge(s): 1
MOTION - MOTION TO CONTINUE GRANTED ON 04/22/2011
CHARLES  DOW , JUDGE
COPY TO PARTIES/COUNSEL
TRIAL - BENCH SCHEDULED FOR 05/24/2011 at 09:30 a.m.

NOTICE TO PARTIES/COUNSEL
TRIAL - BENCH CONTINUED ON 04/26/2011

TRIAL - BENCH NOTICE SENT ON 04/22/2011

Charge(s): 1
MOTION - OTHER MOTION FILED BY DEFENDANT ON 04/26/2011

MOTION TO RECALL WARRANT
Charge(s): 1
MOTION - OTHER MOTION GRANTED ON 04/26/2011

MOTION TO RECALL WARRANT
Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL REQUESTED ON 04/22/2011

Charge(s): 1
FINDING - TRANSFER FOR JURY TRIAL TRANSFERRED ON 05/11/2011

AUGSC
05/13/2011 Charge(s): 1
TRANSFER - TRANSFER FOR JURY TRIAL RECVD BY COURT ON 05/13/2011

WATDCCR20081908
05/13/2011 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 01/06/2010

Bail Receipt Type: CR
Bail Amt:  $500
                          Receipt Type: CK
Date Bailed: 01/05/2010    Prvdr Name: PAUL  LEWIS
                          Rtrn Name: ABBY  PERKINS

05/13/2011 HEARING - MOTION TO REVOKE BAIL SCHEDULED FOR 07/13/2011 at 09:00 a.m.

NOTICE  TO PARTIES/COUNSEL
05/13/2011 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 07/13/2011 at 09:00 a.m.

07/07/2011 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 07/07/2011

Attorney: ROBERT ANDREWS

07/09/2011 MOTION -   MOTION TO CONTINUE GRANTED ON 07/07/2011
          ROBERT E MURRAY JR, JUSTICE
          COPY TO PARTIES/COUNSEL
07/09/2011 HEARING -   MOTION TO REVOKE BAIL CONTINUED ON 07/07/2011


07/09/2011 HEARING -   MOTION TO REVOKE BAIL SCHEDULED FOR 07/14/2011 at 01:00 p.m.


          NOTICE  TO PARTIES/COUNSEL
07/09/2011 Charge(s): 1
          TRIAL -   DOCKET CALL CONTINUED ON 07/07/2011


07/09/2011 Charge(s): 1
          TRIAL -   DOCKET CALL SCHEDULED FOR 07/14/2011 at 01:00 p.m.


07/09/2011 Charge(s): 1
          TRIAL -   DOCKET CALL NOTICE SENT ON 07/08/2011


07/09/2011 HEARING -   MOTION TO REVOKE BAIL NOTICE SENT ON 07/08/2011


07/14/2011 Charge(s): 1
          TRIAL -   DOCKET CALL HELD ON 07/14/2011


07/14/2011 Charge(s): 1
          TRIAL -   JURY TRIAL SCHEDULED FOR 07/15/2011 at 08:30 a.m.


          NOTICE TO PARTIES/COUNSEL
07/26/2011 OTHER FILING -   OTHER DOCUMENT FILED ON 07/26/2011


          Attorney:  ROBERT ANDREWS
          WRITTEN ARGUMENT IN SUPPORT OF ORAL MOTION IN LIMINE.
08/01/2011 OTHER FILING -   OTHER DOCUMENT FILED ON 07/29/2011


          DA:   PAUL RUCHA
          STATE'S RESPONSE TO THE MOTION IN LIMINE
08/24/2011 Charge(s): 1
          TRIAL -   JURY TRIAL NOT HELD ON 07/15/2011


08/24/2011 Charge(s): 1
          TRIAL -   DOCKET CALL SCHEDULED FOR 09/06/2011 at 08:30 a.m.


08/24/2011 Charge(s): 1
          TRIAL -   DOCKET CALL NOTICE SENT ON 08/24/2011


09/21/2011 Charge(s): 1
          TRIAL -   DOCKET CALL HELD ON 09/06/2011
          M MICHAELA MURPHY , JUSTICE
          Defendant Present in Court
09/21/2011 HEARING -   CONFERENCE SCHEDULED FOR 09/26/2011 at 10:00 a.m.
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
09/29/2011 Charge(s): 1
          TRIAL -   DOCKET CALL SCHEDULED FOR 12/06/2011 at 09:00 a.m.

09/29/2011 HEARING -  CONFERENCE HELD ON 09/26/2011
          M MICHAELA MURPHY , JUSTICE
01/24/2012 TRIAL -  DOCKET CALL SCHEDULED FOR 03/06/2012 at 09:00 a.m.

01/24/2012 Charge(s): 1
          TRIAL -  DOCKET CALL NOT HELD ON 01/24/2012

02/02/2012 BAIL BOND -  CASH BAIL BOND BAIL RELEASED ON 02/02/2012

02/02/2012 ORDER -  COURT ORDER ENTERED ON 02/01/2012
          M MICHAELA MURPHY , JUSTICE
          ORDER ON DEF'S MOTION IN LIMINE...THE COURT RESERVES DECISION ON WHETHER THE NOTICE
          PROVISIONS IN THE CERT AND NOTICE OF SUSP WHICH WOULD OTHERWISE BEADMISSIBLE UNDER 29-A
          MRSA 113(3) VIOLATED THE DEF'S CONSTITUTIONAL RIGHT OF CONFRONTATION. THE STAE IS INVITED
          TO SUPPLY EVIDENCE THAT THE NOCIE PROVISIONS WERE CREATED FOR ANY LEGITIMATE, ALTERENATIVE
          PURPOSE OTHER THAN THIS CRIMINAL PROSECUTION AND/OR TO SATISFY THE NOTICE OF ELEMENT WHICH
          MUST BE PROVEN BEYOND A REASONABLE DOUBT. THE COURT
02/02/2012 ORDER -  COURT ORDER FILED ON 02/01/2012
          M MICHAELA MURPHY , JUSTICE
          DECLINES TO RULE, BASED ON THIS RECORD, WHETHER OR NOT ACUTAL MAILING ON 9/2/08 WOULD
          PROVIDE THE 10 DAYS NOTICE TO WHICH THE DEF WAS STATUTORILY ENTITLED SUCH THAT HE COULD
          NOT OPERATE A MV AT 11:03 PM ON 9/12/08..THE COURT WILL SET THIS CASE FOR FURTHER HEARING
          DURING THE LAST TWO WEEKS OF APRIL
02/10/2012 TRIAL -  DOCKET CALL NOT HELD ON 02/10/2012

02/22/2012 HEARING -  MOTION TO REVOKE BAIL HELD ON 07/14/2011
          M MICHAELA MURPHY , JUSTICE
02/22/2012 HEARING -  OTHER HEARING SCHEDULED FOR 04/23/2012 at 08:30 a.m.

          NOTICE TO PARTIES/COUNSEL
02/22/2012 HEARING -  OTHER HEARING NOTICE SENT ON 02/22/2012

02/29/2012 CASE STATUS -  CASE FILE LOCATION ON 02/29/2012

          W/ ROXANNE, TO RESCHEDULE
03/16/2012 HEARING -  OTHER HEARING NOT HELD ON 03/16/2012

          TO BE RESCHEDULED WEEK OF MAY 1
03/20/2012 HEARING -  OTHER HEARING SCHEDULED FOR 05/03/2012 at 01:00 p.m.
          M MICHAELA MURPHY , JUSTICE
          NOTICE TO PARTIES/COUNSEL
03/20/2012 HEARING -  OTHER HEARING NOTICE SENT ON 03/20/2012

03/20/2012 CASE STATUS -  CASE FILE RETURNED ON 03/20/2012

05/08/2012 HEARING -  OTHER HEARING HELD ON 05/03/2012
          M MICHAELA MURPHY , JUSTICE
          Defendant Present in Court
05/08/2012 ORDER -  COURT ORDER FILED ON 05/07/2012
          M MICHAELA MURPHY , JUSTICE
          SECOND ORDER ON DEFENDANT'S MOTION IN LIMINE: THE COURT DECLINES TO RULE ON THE
          CONFRONTATION ISSUE PRIOR TO TRIAL.  IN ORDER TO MEET ITS BURDEN OF PROOF TO ESTABLISH
          THAT THE DEFENDANT'S SUSPENSION WAS IN EFFECT AT THE TIME OF OPERATION, THE STATE GIVEN

THE UNIQUE FACTS PRESENTED IN THIS CASE WILL HAVE TO RELY UPON MORE EVIDENCE THAN THE
SECRETARY OF STATE CERTIFICATE AND NOTICE OF SUSPENSION (STATE'S EXHIBIT 1) AS PROFFERED.
05/08/2012 ORDER -  COURT ORDER ENTERED ON 05/07/2012

A TRUE COPY
ATTEST:    _____
                        Clerk